IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOCELYN A. HEMPHILL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE SCHOOL DISTRICT OF | : | |
| PHILADELPHIA | : | NO. 11-0570 |

## MEMORANDUM OPINION

Savage, J.                                                                                                 December 27, 2011

Jocelyn Hemphill brought this action against her former employer, School District of Philadelphia ("SDP"), under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 (2006), *et seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* She alleges that SDP refused to reinstate her from medical leave between March and June 2009 and terminated her employment in July 2009. She claims that these job actions discriminated against her because of her disability in violation of the ADA and violated the FMLA by retaliating against her for taking medical leave.

SDP now moves for summary judgment. It argues that her termination claim is barred by the ADA and FMLA statutes of limitations. It also contends that she cannot prove necessary elements of her failure to reinstate claim.

Summary judgment is appropriate if the movant shows "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Judgment will be entered against a party who fails to sufficiently establish any element essential to that party's case and who bears the ultimate burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In examining the motion, we must draw all reasonable inferences in the nonmovant's favor.

*InterVest, Inc. v. Bloomberg, L.P.*, 340 F.3d 144, 159-60 (3d Cir. 2003).

Disagreements over what inferences may be drawn from the facts, even undisputed ones, preclude summary judgment. *Ideal Dairy Farms, Inc. v. John Labatt, Ltd.*, 90 F.3d 737, 744 (3d Cir. 1996). Credibility determinations, the drawing of legitimate inferences from facts, and the weighing of evidence are matters left to the jury. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

The question of whether Hemphill's termination claim is timely turns on a factual dispute about when SDP terminated her. SDP argues that it terminated her as of July 10, 2007 by way of two letters informing her that she was terminated at the end of her one-year workers' compensation leave period. Hemphill argues that those letters did not terminate her, but merely informed her that she was removed from her current position until she was medically cleared to return to work. Alternatively, she argues that she reasonably did not believe she was terminated until two years later when she received a check from SDP dated July 10, 2009 for her termination pay. *See Burkhart v. Widener Univ.*, 70 F. App'x 52, 53 (3d Cir. 2003) ("A cause of action accrues and the statute of limitations begins to run under Titles III and IV of the ADA when the plaintiff knows or has reason to know of the injury that is the basis for the action.") (citations omitted); *see also Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385-86 (3d Cir.1994).

The parties agree that Hemphill's termination claim is time-barred if the statute of limitations began to run in 2007, rather than in 2009. This factual dispute cannot be resolved on summary judgment. It is for the jury to determine the meaning of SDP's letters to Hemphill and whether she reasonably believed she was not terminated until July 2009.

SDP argues that Hemphill cannot make out a *prima facie* case under the ADA or

2

FLMA for her failure to reinstate claim because she cannot show that she suffered an adverse employment action. *See Erdman v. Nationwide Ins. Co*, 582 F.3d 500, 508 (3d Cir. 2009) (holding that a plaintiff must show that she suffered an "adverse employment action" to make out a prima facie case under the FMLA) (citations omitted); *Turner v. Hershey Chocolate U.S.*, 440 F.3d 604, 611 (3d Cir. 2006) (holding the same as to the ADA) (citations omitted). However, Hemphill has produced evidence to show that she suffered an adverse employment action when SDP denied her multiple requests to return to work between March and June 2009. *See Rodriguez-Garcia v. Miranda-Marin*, 610 F.3d 756, 766-67 (1st Cir. 2010) (holding that failing to reinstate an employee to a previous position is an adverse employment action). This is sufficient to avoid summary judgment.

SDP also argues that Hemphill cannot meet her ultimate burden of persuading the jury that discriminatory or retaliatory intent caused SDP to take its actions against her. *See Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981) (The plaintiff has "the ultimate burden of persuading the [jury] that she has been the victim of intentional discrimination."); *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994) ("The test is whether the plaintiff ultimately persuades the factfinder that the employment decision was caused by bias . . . ."). It asserts that Hemphill cannot meet this burden because she produces no affirmative evidence of intentional discrimination or retaliation. However, Hemphill does not necessarily need to produce direct evidence to defeat summary judgment. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000) (citing *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 511 (1993)). Rather, she may meet her burden indirectly by showing that SDP's proffered reasons for the adverse actions are not believable. *See Fuentes*, 32 F.3d at 764 (A plaintiff may defeat summary judgment by

3

pointing to some evidence "from which a factfinder could reasonably . . . disbelieve the employer's articulated legitimate reasons . . . .").

SDP claims that it did not reinstate Hemphill because she was arguing in an ongoing workers' compensation litigation that she could not return to work as a result of her injuries. Hemphill has produced evidence showing that SDP was aware that she had been medically cleared to return and that she only was claiming in the litigation that she had not fully recovered from her injuries. It is for the jury to decide whether SDP "honestly believed" that Hemphill could not return to work and "acted in good faith" on that belief. *See Stover v. Martinez*, 382 F.3d 1064, 1076 (10th Cir. 2004) (citation omitted); *Green v. Nat'l Steel Corp., Midwest Div.*, 197 F.3d 894, 899 (7th Cir. 1999) (citing *Kariotis v. Navistar Int'l Transp. Corp.*, 131 F.3d 672, 677 (7th Cir. 1997)).

Hemphill has pointed to several material factual disputes which must be resolved by the jury. Thus, we shall deny SDP's motion for summary judgment.